## W. B. RIDDICK v. THE STATE.

### No. 4958.   Decided April 17, 1918.

**1.—Theft from Person—Circumstantial Evidence—Charge of Court.**

Where, upon trial of theft from the person, the case was one of circumstantial evidence, yet the facts made the taking, if it occurred by defendant, so close to the transaction that under the decisions it may not have been necessary to charge upon that issue, the case will not be reversed on that point.

**2.—Same—Fraudulent Intent—Intoxication—Charge of Court.**

Where, upon trial of theft from the person, the defendant's testimony was that he was drunk at the time of the transaction, and that he had no recollection of the same, and the evidence also showed that the defendant was found in a drunken stupor in the street shortly after the transaction, and there was other evidence of the absence of a fraudulent intent on the part of defendant at the time of the taking of the property, the question of intent should have been submitted to the jury apart from the fact whether the defendant was drunk or sober.

**3.—Same—Evidence—Fraudulent Intent.**

Where, upon trial of theft from the person, defendant offered testimony that shortly after the taking he came to a cafe with the money and watch in hand asking about the prosecuting witness, that he wanted to find him and return the same to him, it was error to reject such testimony as it had a bearing upon defendant's intent.

Appeal from the District Court of Bowie.   Tried below before the Hon. H. F. O'Neal.

Appeal from a conviction of theft from the person; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Joe Hughes* and *Mahaffey, Keeney & Dalby,* for appellant.—On question of fraudulent intent: Bonnard v. State, 25 Texas Crim. App., 173; Rainey v. State, 20 id., 455; Everett v. State, 30 id., 682; Pooley v. State, 45 Texas Crim. Rep., 348; Early v. State, 51 id., 382; Pratt v. State, 53 Texas Crim. Rep., 281, 109 S. W. Rep., 138.

*E. B. Hendricks,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of theft from the person and given two years in the penitentiary.

The State's case, in a sense, is one of circumstantial evidence, yet the facts make the taking, if it occurred, by appellant so close to the transaction that under the decisions it may not have been necessary to charge upon that issue.   The State's witness, who they nick-named "Dad," states he was leaning against one of the pillars of the bank and appellant came to him in a drunken condition and leaned up against him for a moment or so and went away; that directly after appellant departed he discovered that his watch was taken.   He fixes the time as being between 3:15 and 3:20 o'clock in the evening by circumstances indicat-

ing that he could hardly be mistaken as to the time. Just after 3:30 o'clock a witness testifies that appellant, in a drunken condition, was in his cafe and had a watch and some money in his hand. This watch is perhaps sufficiently identified as that taken from the witness "Dad." Appellant testified that he was drunk, as did the other witnesses, and that if he took the watch from the prosecuting witness he was not aware of it and had no recollection of it. In fact, he testified he had no recollection of seeing the prosecuting witness the evening the watch was taken. Shortly afterward he was found in a house in the town where this offense occurred in a drunken stupor and asleep, and was arrested by the officers. The watch was taken from appellant by his brother shortly after the prosecuting witness lost it, and by the brother pawned for the sum of five dollars. It is shown by appellant and the brother both that this was not authorized by the defendant, appellant claiming, in fact, he had no knowledge of it. The court charged the jury with reference to temporary insanity produced by the voluntary recent use of intoxicants, relegating this to mitigation of punishment.

Appellant asked a special charge requesting the court to instruct the jury with reference to fraudulent intent, and that if he had no fraudulent intent at the time of the taking, even if he did take the watch, then the jury should acquit. This question was raised by the testimony and should have been submitted to the jury, and this, whether he was drunk or sober. Intent is necessary in theft, and a charge should be given when it is an issue.

There is a bill of exceptions reserved to the ruling of the court rejecting testimony. By the owner of the cafe appellant proposed to prove that when he came into the cafe with the money and watch in his hand, that he was asking about the prosecuting witness, making a statement to the effect that the watch he had belonged to prosecuting witness and he wanted to find him for the purpose of returning it. This was excluded, and we think erroneously. The fact that he had the watch, and that the State relied upon the fact he had taken it from prosecuting witness, it occurs to us, should have admitted the testimony of his handling the watch after taking it and what he was doing with it, as bearing upon his intent.

For the reasons indicated the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

PRENDERGAST, Judge, absent.